IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID MICHAEL SMITH                                    PLAINTIFF

v.                                       CAUSE NO. 1:11cv92 LG-JMR

ERIC H. HOLDER, JR., Attorney General of
the United States;  ALEJANDRO MAYORKAS,
Director, U.S. Citizenship and Immigration
Services; and STACIA HYLTON, Director,
United States Marshal Service                          DEFENDANTS

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [10] Plaintiff's Complaint

for Writ of Mandamus filed by Defendants Eric B. Holder, Alejandro Mayorkis, and

Stacia Hylton.  Plaintiff, David Michael Smith, responded to the Motion and

Defendants replied.  The Plaintiff sought to compel the Defendants to grant his

application for a permanent resident card.  After the Complaint was filed, the

Defendants granted Plaintiff's application for a permanent resident card.  The

Court concludes that the Plaintiff's Complaint is now subject to dismissal because

the Defendants have provided all available relief to Smith, rendering his claims

moot.

FACTS AND PROCEDURAL HISTORY

Plaintiff, a native and citizen of the United Kingdom, came to the United

States pursuant to an agreement with Scotland Yard.  The United States

Government agreed, on the condition that Plaintiff would cooperate with particular

investigations and testify openly and honestly in court, to provide Plaintiff with

certain benefits, including the dismissal of Plaintiff's outstanding warrant of arrest. The cooperation agreement includes a temporary stay of Plaintiff's pending deportation proceedings for as long as necessary to maintain the safety of Plaintiff, and the Government's promise to help Plaintiff establish resident alien status in "another foreign country."

Plaintiff successfully testified in open court on behalf of the United States and entered the United States Marshals' witness protection program. Because of his cooperation, Plaintiff received permanent residency in the United States and the appropriate work authorization. Permanent residency status requires periodic renewal.

Plaintiff, no longer fearing an imminent threat on his life, left the witness protection program in 1997. In 2008, Plaintiff sought to renew his United States permanent residency (Form I-551, or "green card"). United States Citizenship and Immigration Services ("USCIS") denied Plaintiff's renewal application. Plaintiff filed this lawsuit in response, asserting that Defendants willfully and unreasonably delayed and refused to provide work authorization, constituting a violation of the Administrative Procedures Act 5 U.S.C. 555(b), 701 *et. seq.* Plaintiff also asserts that Defendants failed to carry out the adjudicative functions delegated to them by law. Plaintiff seeks an order enforcing the original cooperation agreement made with the Department of Justice, an order requiring Defendants to provide permanent resident status and work authorization, and Plaintiff's attorneys' fees and costs of the litigation pursuant to the Equal Access to Justice Act, 28 U.S.C. §

2412(d)(1)(A).

## DISCUSSION

Defendants assert that this case should be dismissed because Plaintiff has received his new Form I-551 Permanent Resident card, rendering Plaintiff's permanent residency renewal claims moot. Plaintiff's Form I-551 is evidence of lawful permanent resident status and provides authorization to work in the United States. Consequently, Plaintiff has obtained the objective of this lawsuit, and all that he would have obtained had the Defendants acted on his application in a more timely manner.

A federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Mills v. Green,* 159 U.S. 651, 653 (1895). *See also Preiser v. Newkirk,* 422 U.S. 395, 401 (1975); *North Carolina v. Rice,* 404 U.S. 244, 246 (1971). Furthermore, it is well established that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 404, 30 L.Ed.2d 413 (1971)**.** After filing this lawsuit demanding that Defendants resolve Plaintiff's status pursuant to the original cooperation agreement, Plaintiff filed a new Form I-90, requesting renewal of his permanent residency status. The USCIS granted that application. Plaintiff's status has been resolved, and the Court has no authority to further affect the rights of the litigants. Plaintiff's claims are now moot, and

beyond the reach of the Court.[1]  They will be dismissed with prejudice for lack of

jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).

Plaintiff also asserts his entitlement to attorneys fees under the Equal Access

to Justice Act, 28 U.S.C. § 2412(d)(1)(A).  However, an "interest in attorneys' fees . .

. is insufficient to create an Article III case or controversy where none exists on the

merits of the underlying claim." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480

(1990) (citing *Diamond v. Charles*, 476 U.S. 54, 70-71 (1986)); *Vivian Tankships*

*Corp. v. Louisiana*, 254 F.3d 1080 (table), 2001 WL 563773, at *3 (5th Cir. 2001)

(attorneys' fees are considered "sunk costs" and do not create a legally cognizable

dispute that will save an action from the operation of the mootness doctrine).  Since

the Form I-551 has been issued in this case, the underlying action is moot, and

Plaintiff's claim for attorneys' fees is insufficient to maintain a justiciable case or

controversy.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to

Dismiss [10] filed by Defendants Eric B. Holder, Alejandro Mayorkis, and Stacia

Hylton is **GRANTED**.  Plaintiff's claims are **DISMISSED WITHOUT**

---

[1]  Plaintiff argues in his Response to the Motion to Dismiss that part of the
relief he seeks is lawfully-issued documentation facilitating future renewals of his
permanent resident status.  This claim does not appear in the Complaint.
Furthermore, the cooperation agreement does not evince any intent by the
Government to provide Plaintiff with permanent residency and work authorization
in the United States, or in any way guarantee Plaintiff the right to remain
permanently within the United States as a citizen.  Therefore, even if Plaintiff had
made this claim in his Complaint, the Court would have no basis for ordering the
Defendants to provide written assurance of future renewal of Plaintiff's Form I-551.

**PREJUDICE**.

        **SO ORDERED AND ADJUDGED** this the 23rd day of July, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE